J-S04027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DANIEL HESPEN AND SUSAN HESPEN, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 313 EDA 2023 |
| ERIE INSURANCE COMPANY AND LEVY INSURANCE AGENCY, LLC AND THOMAS LEVY | : | |

Appeal from the Order Entered December 28, 2022
In the Court of Common Pleas of Philadelphia County
Civil Division at No:  200900392

BEFORE:  BOWES, J., STABILE, J., and LANE, J.

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 17, 2024**

Appellants, Daniel ("Daniel") and Susan ("Susan," and collectively with Daniel, "Appellants") Hespen, appeal from the December 28, 2022 order granting summary judgment in favor of Appellees, Erie Insurance Company ("Erie"), Levy Insurance Agency, LLC ("Levy").[1]  We affirm.

Daniel was injured in a car accident on November 27, 2017.  Timothy Duckett ("Duckett") negligently caused the accident while driving a company-owned van in the scope and course of his employment with Karalis Mechanical Services, LLC ("Karalis Mechanical").  On the date of the accident, Karalis

---

[1] Appellee Thomas Levy, as an individual, was dismissed from the case by stipulation of the parties.

Mechanical had a comprehensive general liability ("CGL") insurance policy with Erie. Shortly after the accident, Karalis Mechanical procured an umbrella business catastrophe liability ("BCL") policy with Erie. Levy was the broker who procured the policies. Whether Levy breached a legal duty to Karalis Mechanical by failing to procure the BCL policy prior to the accident was a point of dispute. In any event, Erie denied coverage for the accident under the CGL policy because it excludes automobile liability. Erie denied coverage under the BCL policy both because it was not in effect at the time of the accident and because the BCL umbrella coverage applies only to automobiles insured by Erie. Karalis Mechanical procured its automobile liability insurance from State Farm. State Farm tendered $250,000.00—the policy limits of Karalis Mechanical's automobile liability coverage for the involved vehicle—to Daniel. State Farm was never a party to his action.

Appellants entered a stipulated judgment with Karalis Mechanical for $2.5 million and accepted an assignment of rights from Karalis Mechanical. Appellants thus style themselves as tort-creditor assignees of Karalis Mechanical.[2] On September 11, 2020, they filed this action against Appellees, asserting four causes of action: for declaratory judgment against Erie; for

---

[2] Erie filed a counterclaim challenging the legitimacy of the assignment of rights from Karalis Mechanical to Appellants. The trial court granted summary judgment in Erie's favor on other grounds. As we explain in the main text, we discern no error in the trial court's order. We therefore have no occasion to consider the validity of this assignment of rights.

- 2 -

breach of contract against Erie and Levy; for bad faith against Erie; and for negligence—both Levy's alleged negligent failure to procure coverage from Erie and Erie's alleged vicarious liability for Levy's negligence.

On January 19, 2021, the trial court sustained Levy's preliminary objections to Appellants' breach of contract claim against it. On January 11, 2022, after the close of pleadings, the parties stipulated to the dismissal of Appellants' declaratory relief and bad faith causes of action against Erie. Thus, the remaining claims against Erie were for breach of contract and vicarious liability. The remaining claim against Levy was for negligence.

Erie and Levy filed summary judgment motions on June 17, 2022 and June 20, 2022, respectively. The trial court granted those motions on December 28, 2022. This timely appeal followed. Appellants present a single question for review:

> While Appellant has asserted claims under two different policies the question for the court to consider is essentially the same, did the trial court error in refusing to consider the expectations of the insured and in finding that the insured did not have an expectation of coverage as a matter of law when there were multiple facts upon which a jury could have concluded that he did have an expectation of coverage.

Appellants' Brief at 2.

Our standard and scope of review are well-settled. Summary judgment is appropriate where the record presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.Civ.P. 1035.2(1).

When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt.

On appellate review, then, an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is de novo. This means we need not defer to the determinations made by the lower tribunals.

To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

*Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010) (citations omitted). Interpretation of an insurance policy is a question of law for which our standard of review is *de novo* and our scope of review is plenary. *Pennsylvanian Nat. Mut. Cas. Ins. Co. v. St. John*, 106 A.3d 1, 14 (Pa. 2014).

Appellants cite *Tonkovic v. State Farm Mut. Auto. Ins. Co.*, 521 A.2d 920 (Pa. 1987), wherein the undisputed facts showed that the insured, a private individual, applied for a disability policy with the express understanding that the policy would not exclude coverage if the insured received workers' compensation benefits. *Id.* at 924. Contrary to that understanding, the insurer issued a policy with a workers' compensation exclusion and failed to prove that it ever delivered a copy of the policy to the

insured. *Id.* at 922. Holding in favor of the insured, our Supreme Court noted that the insured requested a type of insurance that would have covered him under the circumstances of the case, but the insurer issued something different:

> We find a crucial distinction between cases where one applies for a specific type of coverage and the insurer unilaterally limits that coverage, resulting in a policy quite different from what the insured requested, and cases where the insured received precisely the coverage that he requested but failed to read the policy to discover clauses that are the usual incident of the coverage applied for.

*Id.* at 925. *Tonkovic* forbade a unilateral change by the insurer absent a showing that the insured was notified of and understood the change. *Id.* "The reasonable expectation of the insured is the focal point of the insurance transaction involved here. Courts should be concerned with assuring that the insurance purchasing public's reasonable expectations are fulfilled." *Id.* at 926 (citation omitted).

The *Tonkovic* Court distinguished *Standard Venetian Blind v. American Empire Ins. Co.*, 469 A.2d 563 (Pa. 1983). In that case, a self-employed businessman purchased a general liability policy for his business. The policy covered damage caused by the insured's products but expressly excluded damage to the insured's products themselves. *Id.* at 565. [T]he exclusions at issue are 'plain and free of ambiguity,' and could have been readily comprehended by [the insured]' had he chosen to read them." *Id.* at

566. Further, the exclusions plainly excluded coverage of the insured's claims.

***Id.***

Later, in ***Matcon Diamond, Inc. v. Penn Nat. Ins. Co.***, 815 A.2d 1109, 1114 (Pa. Super. 2003), this Court explained the evolution of the reasonable expectations doctrine:

> This Court has noted that, generally, courts cannot invoke the reasonable expectation doctrine to create an ambiguity where the policy itself is unambiguous. Our Supreme Court has identified only two limited exceptions to this principle: (1) protecting non-commercial insureds from policy terms which are not readily apparent; and (2) protecting non-commercial insureds from deception by insurance agents.

***Id.*** at 1114.

With these principles in mind, the facts of the instant case are as follows:

> At the time of the accident, Karalis Mechanical owned automobile liability policies with non-party State Farm. Mr. Duckett was driving a Karalis Mechanical-owned 2007 Ford Econoline van and the State Farm policy carried liability limits of $250,000. During his deposition, Mr. [Apostolis] Karalis confirmed that, on or about March 2017, approximately eight months before the accident, he made the choice to increase his company's auto liability limits on the Econoline van. He did so by increasing the coverage on the company's existing State Farm policy—raising the coverage from $100,000 to $250,000. This was accomplished by means of an email exchange with a State Farm corporate insurance agent named Bryan Frey.
>
> In November 2016, about a year before this accident, Thomas Levy […] quoted Mr. Karalis a Erie Business Auto Policy which would have covered the 2007 Ford Econoline van with liability limits of $1 million for a premium of $1,413.00. **Crucially, Mr. Karalis opted not to purchase auto coverage for Karalis Mechanical through Erie. Instead, Mr. Karalis decided to keep his company's auto insurance coverage with State Farm. Indeed, on December 12, 2016, Mr. Karalis emailed Thomas Levy to advise him in his capacity as owner of Levy**

**Insurance Agency that he did not find Erie's prices for auto coverage to be competitive with State Farm. Mr. Karalis told Levy that he would only consider switching to Erie if its pricing was cheaper.**

Trial Court Opinion, 10/30/2023, at 5-6 (record citations omitted; emphasis added).

As this Court explained in *Matcon*, we apply the doctrine of reasonable expectations only to protect a **non**-**commercial** insured from policy terms which are not readily apparent, and to protect non-commercial insured's from **deception** by insurance agents. *Matcon*, 815 A.2d at 1114. Those circumstances are not present here. Karalis Mechanical is a commercial insured. And assuming without deciding that we could treat a small business owner such as Mr. Karalis as a non-commercial entity, this is not a case in which he can claim to have been deceived.

The terms of both policies are clear. Karalis Mechanical's CGL policy excludes coverage for automobiles. Appellants do not dispute this. Again, we note that the BCL umbrella policy was not applicable at the time of the accident. The record reflects, and Appellants do not dispute, that Mr. Karalis inquired about a BCL policy and Levy provided him a quote and followed up with him several times in the months before the accident. Mr. Karalis never responded until after the accident happened. And even if the BCL policy had been effective, by its express terms it covers only those automobiles insured by Erie. Mr. Karalis was offered an Erie business automobile policy but declined it because the premiums were too high. Appellants do not claim that

the terms of the BCL policy are unclear, nor do they dispute that Mr. Karalis expressly declined to move his business auto coverage from State Farm to Erie.

Appellants seek to avoid the import of the foregoing because Thomas Levy, prior to procuring the CGL policy for Karalis Mechanical in early 2017, made a cryptic note in his computer system reading about "adding auto" to the commercial policy. Appellants fail to explain how this note alters the result under the applicable law. The doctrine of reasonable expectations applies where non-commercial parties fall prey to deceptive practices. Nor does Mr. Levy's note alter the fact that Mr. Karalis declined to move his business automobile coverage to Erie because of Erie's premiums.

In summary, there is no factual or legal support for Appellants' arguments that Karalis Mechanical had a reasonable expectation of business auto coverage from Erie. It follows, therefore, that there is no support for Appellants' breach of contract claim against Erie. Likewise, there is no factual support for Appellants' claim that Levy was negligent in failing to procure the BCL policy prior to the accident. Because Appellants failed to establish any basis for Levy's negligence, their claim of Erie's vicarious liability fails along with it.

We discern no error in the trial court's order granting summary judgment in favor of Erie and Levy.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>12/17/2024</u>